**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GUARANTEE TRUST LIFE INSURANCE COMPANY,** an Illinois mutual insurance company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 1261 |
| **FIRST STUDENT PROGRAMS, LLC,** a Pennsylvania limited liability company, | ) ) ) | Judge Rebecca Pallmeyer |
| Defendant/Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| **AMERICAN UNITED LIFE INSURANCE COMPANY,** an Indiana stock insurance company, | ) ) ) ) | |
| Third-Party Defendant. | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

Guarantee Trust Life Insurance Company ("GTL"), which provides health insurance to college students, brought this lawsuit for reinsurance benefits from Defendant/Third-Party Plaintiff First Student Programs, LLC ("FSP"). Under the agreement between GTL and FSP, FSP was obligated to obtain excess reinsurance from another provider. FSP claims that it met this obligation by contracting with Third-Party Defendant American United Life Insurance Company ("AUL"); thus, when GTL sued FSP for failure to obtain reinsurance, FSP filed a third-party complaint against AUL, alleging that AUL had breached its contract with FSP.

AUL moved to dismiss the third-party action. AUL contends that FSP's claim is barred by an arbitrator's determination, made in a proceeding brought by GTL, that AUL had not in fact agreed to provide excess reinsurance as alleged. In an earlier ruling, this court granted AUL's motion in part and denied it in part. *See Guarantee Trust Life Ins. Co. v. First Student Programs,*

*LLC*, No. 05 C 1261, 2009 WL 196311 (N.D. Ill. Jan. 28, 2009). As more fully explained in that opinion, the court concluded that FSP had stated claims that survived Rule 12(b)(6) challenge, but declined to consider AUL's argument that FSP's complaint is barred by the *res judicata* effect of the arbitration award that resolved the dispute between AUL and GTL. The parties have accepted the court's invitation to readdress the issue of *res judicata*. For the reasons that follow, the court now grants AUL's motion to dismiss.

## **DISCUSSION**

A more complete discussion of the factual background is found in the court's earlier order and will not be repeated here. Relevant to this order are the circumstances that FSP relies on in support of its claims against AUL, and the arbitration proceeding involving GTL and AUL. Briefly, FSP contends that it entered into an agreement with AUL under which AUL was required to provide reinsurance for GTL, and that AUL breached that agreement. In the arbitration, GTL made the same argument and presented the testimony of both of FSP's principals. The arbitrator rejected the argument, however, and Judge Leinenweber of this court confirmed the arbitrator's award. *Guarantee Trust Life Ins. Co. v. American United Life Ins. Co.*, No. 08 C 3103 (N.D. Ill. Oct. 30, 2008). It is that arbitral award that, according to AUL, bars this action by FSP.

In this court's earlier order, the court recognized that, because the arbitration award was confirmed by a federal district court, federal common law governs its preclusive effect. As the parties explain, though, jurisdiction for confirming the arbitration award was based on diversity, so federal common law incorporates state law to determine the preclusive effect of the confirmation. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 n.4 (2008), *citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see also Manion v. Nagin*, 392 F.3d 294, 300-01 (8th Cir. 2004) (applying state law rules of preclusion with respect to judgment confirming arbitration award under Federal Arbitration Act where jurisdiction was based on diversity); *Boguslavsky v. Kaplan*, 159 F.3d

2

715, 720 n. 4 (2d Cir. 1998) (applying federal rules of preclusion with respect to judgment confirming arbitration award under FAA where jurisdiction was based on federal question).

The parties here agree that state law applies, but they disagree on whether that state is Pennsylvania or Illinois. AUL argues for the law of Pennsylvania, which this court applied to the underlying claim in its earlier order and which the arbitrator applied. FSP argues for the law of Illinois because that is where the court confirming the arbitration award sat. Although AUL's argument has intuitive appeal, the Supreme Court's opinion in *Semtek* suggests FSP is correct. In *Semtek*, the Court held that to determine the preclusive effect of a diversity judgment, federal common law incorporates "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508. The preclusive effect is *not* determined by the substantive law that the federal court exercising diversity jurisdiction applied. Thus, for example, in *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008), the Seventh Circuit explained that, in determining the preclusive effect of a judgment rendered by a federal district court in Wisconsin exercising diversity jurisdiction, Wisconsin's preclusion rules applied, even though the judgment was based on the substantive law of Minnesota.

Under Illinois law, "'[t]he doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.'" *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008), *quoting Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (1996). The doctrine applies when three requirements are satisfied: "(1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Id.* The parties to this case appear to agree that the arbitration award, confirmed by a district court, constitutes a judgment on the merits. Nor does FSP challenge AUL's assertion that the same cause of action is presented: the claim that AUL breached an agreement to obtain reinsurance for

3

GTL. The only res judicata requirement in dispute here is, thus, the last one: whether AUL and FSP were in privity.

A nonparty is in privity with a litigating party, and can be bound by a judgment against that party, when the two parties' interests are so closely aligned that the litigating party is the "'virtual representative of the nonparty.'" *Ill. Non-Profit Risk Management Ass'n v. Human Service Center*, 378 Ill. App. 3d 713, 721, 884 N.E.2d 700, 708 (4th Dist. 2008), quoting *City of Rockford v. Unit Six of the Policemen's Benevolent & Protective Ass'n*, 362 Ill. App.3d 556, 563, 840 N.E.2d 1283, 1289 (2nd Dist. 2005). This test is met here, AUL urges: FSP was in privity with GTL because the two companies' claims against AUL arose out of the same alleged breach of contract, were based on the same legal and factual arguments, and rested on a contractual relationship between the two companies. FSP responds that it was not in privity with GTL because it was not formally involved in the arbitration and because the two parties' interests were not aligned: a victory for GTL would be a victory for FSP, but a loss for GTL would (in fact, it did) lead to a new lawsuit by GTL against FSP.

FSP's argument that it cannot be in privity with GTL because it was not involved in the arbitration is easily dispatched. By definition, a privity relationship binds parties to judgments in actions to which they are merely connected; involvement in that action is not required. *See State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, No. 1-08-1933. ___ Ill. App. 3d ___, ___ N.E.2d ___, 2009 WL 2581700, *8 (1st Dist. Aug. 19, 2009) (citing RESTATEMENT (FIRST) OF JUDGMENTS § 83 cmt. a (1942)). Moreover, even though FSP was not formally involved in the arbitration, the primary evidence considered was testimony by FSP's principals. In *Purmal v. Robert N. Wadington and Associates*, 354 Ill. App. 3d 715, 723-24, 820 N.E.2d 86, 94-95 (1st Dist. 2004), similarly, in finding that a nonparty was in privity with a party in earlier litigation, the court pointed out that the nonparty had been "actively involved" in the prior litigation, providing an affidavit and other information in the earlier litigation.

FSP's second argument—that no privity relationship existed because its interests were aligned with GTL only in the event of a victory by GTL—also fails. It is enough that GTL's position in the arbitration is identical to the one that FSP takes in this case. *See People ex rel. Hartigan v. Progressive Land Developers, Inc.*, 216 Ill. App.3d 73, 80, 576 N.E.2d 214, 218-19 (1st Dist. 1991). A victory by GTL would have been a victory for FSP, and GTL's loss was a loss for FSP. That GTL's loss opened the door to a claim by GTL against FSP does not alter the analysis; privity is measured at the time of the original case. *Yorulmazoglu v. Lake Forest Hosp.*, 359 Ill. App. 3d 554, 559, 834 N.E.2d 468, 472 (1st Dist. 2005).

The court concludes that FSP and GTL were in privity and that FSP's claim against AUL is precluded by the arbitration award against AUL.[1]

## **CONCLUSION**

AUL's Supplemental Motion to Dismiss Counts I and II of FSP's Third-Party Complaint [149] is granted. FSP's Motion to Transfer Venue [147] is denied as moot.

ENTER:

Dated: September 9, 2009

REBECCA R. PALLMEYER
United States District Judge

---

[1] The court notes that although the parties disagree concerning which state's law applies, it appears that the application of Pennsylvania law would generate the same conclusion. *See Anchor Glass Container Corp. v. Buschmeier*, 426 F.3d 872, 877-79 (7th Cir. 2005) (outlining Pennsylvania's law of preclusion).

5